IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE LAWRENCE ROMIG,

    Plaintiff,

v.

BEAVER COUNTY, PA,

    Defendant.

14cv0053
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**
**RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 6)**

## I. Introduction

On January 14, 2014, *pro se* Plaintiff Dale Lawrence Romig ("Plaintiff") filed a Complaint centered on allegations of police harassment and brutality against Defendant Beaver County ("Defendant"). Plaintiff has filed a Notice offering to settle the case for $50,000,000.00. Doc. No. 8. Currently pending before this Court is Defendant's Motion to Dismiss. Doc. No. 6. Defendant contends that the Complaint is barred by the statute of limitations for civil rights claims. For the following reasons, Defendant's Motion to Dismiss (Doc. No. 6) will be GRANTED.

## II. Factual Background and Procedural History

Taken as true solely for the purposes of this Memorandum Order, the facts of the case are as follows:

Plaintiff was harassed by courthouse security at the Beaver County Courthouse on May 15, 2009, while carrying "evidence" that he intended to deliver to county detectives. Doc. No. 1, 2. That evidence was in the form of six Gatorade bottles that Plaintiff believed were "intentionally poisoned at the Gatorade factory." Id. Plaintiff proceeded to the District

Attorney's office to discuss the bottles, but he was told that no detectives were available to speak with him. Id. at 3. As Plaintiff exited the courthouse, security stopped him to question him about the evidence. Id. at 4. The altercation that ensued is the subject of Plaintiff's suit. Id.

A man in a Sheriff's Deputy uniform with the name "Yonlinsky" on it asked Plaintiff "what do you have there?" Id. at 3. A female deputy named Chapes then asked "what religion are you?" Id. Plaintiff placed one of the two bags of Gatorade on the ground, where it was confiscated by Yonlinsky. Id. at 4. Yonlinsky assaulted Plaintiff before taking him to a holding cell area. Id. at 5. Plaintiff was released soon after. The Gatorade bottles were never returned to him. Id.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 672 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S. Ct. [at 1947.] Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the

2

complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## IV. Discussion

Plaintiff's sole allegation is of a civil rights violation resulting from his altercation with Beaver County Sheriff Deputies. Doc. No. 1. The altercation occurred nearly four years ago on May 15, 2009. Id. Defendant contends that the Complaint must be dismissed with prejudice because Plaintiff's claims are "facially time barred and stale." Doc. No. 7, 1. The Court notes that Plaintiff filed the same claims in August 2009. See 09-cv-01105. In that case, the Court issued a Memorandum Order directing that the Complaint would be dismissed for failure to state a claim. Doc. No. 2. Plaintiff filed an Amended Complaint as provided for by the Court. Doc. No. 3. In November 2009, the Court closed the case based upon Plaintiff's "Motion to Withdraw Current Lawsuit." Doc. No. 10.

Plaintiff's current allegations are again based on the same altercation and rooted in Section 1983 of the Civil Rights Act, which contains no express statute of limitations period. 42 U.S. Code § 1983. This Court, then, is to look to the personal injury statute of the state in which the injury occurs for guidance regarding the appropriate limitations period. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). See *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2009) (holding that the "catch-all" four-year statute of limitations is applicable only to laws enacted

after 1990).  The statute of limitations for personal injury in Pennsylvania is two years.  42 Pa. C.S.A. § 5524.

Plaintiff filed his current Complaint with this Court on January 24, 2014.  Doc. No. 1.  Plaintiff seeks relief for events occurring on May 15, 2009.  Plaintiff does not address the statute of limitations in his Response to Defendant's Motion to Dismiss.  Doc. No. 9.

Without reaching the merits of the claims presented by Plaintiff, this Court must dismiss Plaintiff's Complaint, as it is well outside the statutory period of two years.  This Court need not address other arguments presented by either party.  Therefore, Defendant's Motion to Dismiss (Doc. No. 6) will be GRANTED.

## V. Order

AND NOW, this 12th day of May, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED.**  Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties

   DALE LAWRENCE ROMIG
   PO Box 104
   Sewickley, PA 15143
   PRO SE